Hughes, J.,
dissenting:
The petition in this case, instead of being a brief and clear statement of material facts, is made up, for the most part, of recitals of the claimants’ evidence, which is incorporated at great length into the petition, making a tedious and voluminous documentary narrative of one hundred and thirty-two pages. This pleading ought to have been thoroughly reformed before any other steps were taken in the cause ; but no application was made to the court on the subject. In its present shape it is not without difficulty that the material aver-ments of fact which are admitted by the demurrer, and constitute the groundwork of decision upon the issue of law which it raises, are to be ascertained with precision.
Upon a careful reading of the petition, I believe that the following material matl ers of fact are (among others) 'alleged and set forth :
1. That the petitioners were contractors with the United States for the construction of a dock by virtue of an act of Congress, which defined all the terms and stipulations of the contract, and referred it to the Secretary of the Navy to elect from two parties who had submitted proposals, the contractor to execute the work, and by the selection of the Secretary in pursuance of said act and notice thereof to them.
2. That the terms of the contract, as fixed by the act of Congress, required a sheathing for the dock of wood, not of copper.
3. That the Secretary had assigned the work to the petitioners, and they had made some preparations for its execution. A writing was prepared by the Navy Department stipulating for copper sheathing for the dock, and the plaintiffs were required to sign it; that they did sign it under protest, and performed the work accordingly, which has been accepted by the government.
4. That the expense of the work was greatly increased by the substitution of copper sheathing for the sheathing of wood, covered with felt and tar, and no additional compensation allowed therefor, or ever paid.
These facts, together with the other material allegations of the pe *551 tition, which are well pleaded, are admitted by the demurrer, and for the present must be taken as true.
The Solicitor for the United States makes two points in his demurrer, and they are the only ones relied on in the argument.
1st. That the claimants, having sued upon an implied promise, show a sealed contract of which no breach is alleged.
2d. That under the act of Congress, as set forth in the petition, the Secretary of the Navy had authority to bind the claimants by the written contract.
As to the first objection to .the sufficiency of the petition made by the Solicitor, it is my opinion that the sealed contract referred to is not pleaded as. the foundation of the suit, but only set out and recited, to be avoided by facts specifically alleged, and which, as admitted by the demurrer, are sufficient for that purpose.
As to the second objection, it seems to me that the authority conferred on the Secretary of the Navy by the second proviso of the act of Congress (which is the part of the act relied on) is limited to increasing the dimensions of the dock, and does not extend to ii change in the plan or specifications of the contract, as referred to by the act of Congress, and which, immediately upon his selection of the contractors, attached in full force, in respect to the manner of constructing the dock.
I am therefore of opinion that the demurrer ought to be overruled.